BRIAN W. SKALSKY, SBN 277883
*Brian.Skalsky@fmglaw.com*
ALEXANDRA B. ASCIONE, SBN 316499
*Alex.Ascione@fmglaw.com*
**FREEMAN MATHIS & GARY, LLP**
3030 Old Ranch Pkwy, Suite 200
Seal Beach, CA 90740-2752
Telephone:  562.281.4517
Facsimile:   833.317.0293

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORIA – WESTERN DIVISION

| | |
|---|---|
| SONIA HOVANIAN, | CASE NO.: |
| Plaintiff, | [State Complaint Filed on June 14, 2022] |
| vs. | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441** |
| COSTCO WHOLESALE CORPORATION, and DOES 1 to 50, | |
| Defendants. | |

PLEASE   TAKE   NOTICE   that   Defendant,   COSTCO   WHOLESALE CORPORATION hereby removes the above-captioned action from the Superior Court of the State of California, Los Angeles County, where it is currently pending as Case No. 22STCV19471, to the United States District Court for the Western District of California.

Removal is warranted under 28 U.S.C. §1441(b) because this is a civil action over which this Court has subject matter jurisdiction under 28 U.S.C. §1332, on the grounds that complete diversity exists between the parties and the amount in controversy exceeds the sum of $75,000.

///

Plaintiff is a resident of Los Angeles County in the State of California. Defendant COSTCO WHOLESALE CORPORATION (hereinafter "COSTCO"), a corporate entity, is a Washington Corporation with its principal place of business in Issaquah, Washington and is therefore a citizen of the State of Washington for purposes of determining diversity.  Pursuant to 28 U.S.C. §1332(c)(l) full diversity exists among the parties in this action since Defendants are incorporated and maintain their respective places of business in a different state than where Plaintiff is a citizen.

## BACKGROUND

On or about June 14, 2022, Plaintiff, SONIA HOVANIAN commenced an action in the Superior Court of the State of California in the County of Los Angeles, entitled *Sonia Hovanian v. Costco Wholesale Corporation and Does 1 to 50; Case No. 22STCV19471.* Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant COSTCO are attached hereto as **Exhibit A**. Plaintiff's complaint asserts causes of action for General Negligence and Premises Liability against COSTCO.

On or about June 23, 2022, Plaintiff had COSTCO, a corporate entity, was served with the Complaint via personal service on its respective agent for service of process in California.

## GROUNDS FOR REMOVAL

This is a civil action over which this Court has subject matter jurisdiction under 28 U.S.C. §1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

## AMOUNT IN CONTROVERSY

The amount in controversy exceeds $75,000.00, as evidenced by Plaintiff's Complaint, which alleges she suffered from bodily and psychological injuries as a result of a slip and fall on COSTCO property.  Plaintiff's counsel and Defense

counsel have met and conferred regarding the amount in controversy in this lawsuit, and Plaintiff will not stipulate to cap the damages at $75,000.  The email regarding this conversation is attached as **Exhibit B**.

## <u>DIVERSITY OF CITIZENSHIP</u>

Plaintiff SONIA HOVANIAN resides in the City of Pasadena, in the County of Los Angeles, in the State of California, and, as such, is a resident of the State of California, as evidenced by her complaint attached as **Exhibit A**.  Defendant COSTCO is a Washington Corporation with its principal place of business in Issaquah, Washington, and is therefore a citizen of the State of Washington for purposes of determining diversity.

This Notice of Removal was filed within thirty days of service of the Complaint, which was completed on June 23, 2022. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant COSTCO are attached hereto as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), a Notice to Adverse Parties of Removal to Federal Court, attached hereto as **Exhibit C**, together with this Notice of Removal, is being served upon counsel for Plaintiff and will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

Based on the foregoing, this Court has jurisdiction over this action. No previous application has been made for the relief requested herein. Accordingly, this action is properly removed.

///

///

///

///

///

///

///

///

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

WHEREFORE, Defendants, and each of them, file this Notice of Removal so that the entire action *Sonia Hovanian v. Costco Wholesale Corporation and Does 1 to 50; Case No. 22STCV19471*, now pending in the Superior Court of California, Los Angeles County, shall be removed to this Court for all further proceedings.

DATED:  July 22, 2022

FREEMAN MATHIS & GARY, LLP

By: _____
BRIAN SKALSKY, ESQ.
ALEXANDRA ASCIONE, ESQ.
Attorneys for Defendants,
COSTCO WHOLESALE CORPORATION

# EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 06/14/2022 04:50 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk
22STCV19471

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Costco Wholesale Corporation, and DOES 1 to 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Sonia Hovnanian

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Spring Street Courthouse
312 N. Spring St.
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
22STCV19471

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Arthur Khachatrian (SBN 343818) 3504 W. Magnolia Blvd., Burbank, CA 91505; (818) 928-5000

DATE:
*(Fecha)* 06/14/2022

Clerk, by  Sherri R. Carter Executive Officer / Clerk of Court , Deputy
*(Secretario)* D. Williams *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Costco Wholesale Corporation

   under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 6/23/22

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 06/14/2022 04:30 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams, Deputy Clerk
22STCV19471

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jack Sogoyan (SBN # 299457); Arthur Khachatrian (SBN 343818)<br>Zwirn, Gevorkyan and Sogoyan LLP<br>3504 W. Magnolia Blvd.<br>Burbank, CA 91505<br>TELEPHONE NO.: (818) 928-5000    FAX NO.: (818) 928-2104<br>ATTORNEY FOR *(Name):* Plaintiff, Sonia Hovnanian | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 312 N. Spring St.
MAILING ADDRESS: 312 N. Spring St.
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Spring Street Courthouse

CASE NAME:
Hovnanian v. Costco Wholesale Corporation

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 22STCV19471 |
|---|---|---|---|---|
| ✔ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
✔ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ✔ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☐ Large number of separately represented parties
  b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. ☐ Substantial amount of documentary evidence
  d. ☐ Large number of witnesses
  e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ✔ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ✔ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is  ✔ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 14, 2022
Arthur Khachatrian, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

6

| SHORT TITLE: Hovnanian v. Costco Wholesale Corporation | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☑ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

7

| SHORT TITLE: Hovnanian v. Costco Wholesale Corporation | CASE NUMBER |
| --- | --- |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- | --- |
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐  A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐  A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐  A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐  A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐  A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐  A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐  A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐  A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐  A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐  A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐  A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐  A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐  A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐  A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐  A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐  A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐  A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐  A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐  A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐  A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐  A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐  A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐  A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐  A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐  A6032  Quiet Title | 2, 6 |
| | | ☐  A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐  A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐  A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐  A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐  A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

8

| SHORT TITLE: Hovnanian v. Costco Wholesale Corporation | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Hovnanian v. Costco Wholesale Corporation | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:  ；  ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☑ 11. | ADDRESS: 1220 W. Foothill Blvd., Azusa, CA 91702 |
|---|---|

| CITY: Azusa | STATE: CA | ZIP CODE: 91702 | |
|---|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>June 14, 2022</u>

<u>/s/ [signature]</u>
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

10

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/14/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ D. Williams _____ Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | |
| **NOTICE OF CASE ASSIGNMENT -**<br>**UNLIMITED PERSONAL INJURY CIVIL CASES**<br>**ASSIGNED TO THE PERSONAL INJURY HUB COURTS** | |
| Your case is assigned to the judicial officer indicated below in the Personal Injury Hub Court for all purposes, except for trial. | CASE NUMBER:<br>22STCV19471 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDICIAL OFFICER | DEPT. |
|---|---|---|
| ✔ | William A. Crowfoot | 27 |

| |
|---|
| **FINAL STATUS CONFERENCE:**<br>DATE: _____ 11/28/2023 _____ at 10:00 a.m. |
| **TRIAL DATE:**<br>DATE: _____ 12/12/2023 _____ at 8:30 a.m. |
| **ORDER TO SHOW CAUSE RE: DISMISSAL (Code of Civil Procedure, section 583.210)**<br>DATE: _____ 06/11/2024 _____ at 8:30 a.m. |

Given to the Plaintiff / Attorney of Record

On 06/15/2022 _____
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By D. Williams _____ Deputy Clerk

## NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL PERSONAL INJURY CASES

LASC CIV 295 NEW 05/22
For Mandatory Use

**INSTRUCTIONS FOR HANDLING UNLIMITED PERSONAL INJURY CIVIL CASES**

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDICIAL OFFICER**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purpose to a judicial officer, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assignment to the Personal Injury Hub Courts will be subjected to processing under the standards listed below.

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days. Failure to do so may result in the imposition of sanctions.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than eight court days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court and time standards, or deadlines established by the Court or by Chapter Three Rules.  Such sanctions may be on a party, or if appropriate on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to a PI Hub Court for all purposes except for trial or an Independent Calendar Courtroom for all purposes depending on the PI Case Type.

**\*Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to a PI Hub Court for all purposes except for trial or an Independent Calendar Courtroom for all purposes depending on the PI Case Type.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL PERSONAL INJURY CASES**

LASC CIV 295 NEW 05/22
For Mandatory Use

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise?  If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve.  Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable?  Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation.  (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core."  In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case.  Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| -- | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                              (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

| LACIV 229 (Rev 02/15) | **STIPULATION – EARLY ORGANIZATIONAL MEETING** | Page 2 of 2 |
|---|---|---|
| LASC Approved 04/11 | | |

15   | Print |   | Save |                                          | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:         FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | – |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

[ Print ]  [ Save ]                    [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

### INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

Print    Save    Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____     ➢  _____
     (TYPE OR PRINT NAME)               (ATTORNEY FOR PLAINTIFF)
Date:

_____     ➢  _____
     (TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)
Date:

_____     ➢  _____
     (TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)
Date:

_____     ➢  _____
     (TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)
Date:

_____     ➢  _____
     (TYPE OR PRINT NAME)         (ATTORNEY FOR _____ )
Date:

_____     ➢  _____
     (TYPE OR PRINT NAME)         (ATTORNEY FOR _____ )
Date:

_____     ➢  _____
     (TYPE OR PRINT NAME)         (ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____     _____
                                              JUDICIAL OFFICER

| Print | | Save | | Clear |
|---|---|---|---|---|

1

2

**FILED**

LOS ANGELES SUPERIOR COURT

3

MAY 1 1 2011

4

JOHN A. CLARKE, CLERK

5

BY NANCY NAVARRO, DEPUTY

6

7

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

8

## FOR THE COUNTY OF LOS ANGELES

9

10   General Order Re                                )   ORDER PURSUANT TO CCP 1054(a),
     Use of Voluntary Efficient Litigation      )   EXTENDING TIME TO RESPOND BY
11   Stipulations                                      )   30 DAYS WHEN PARTIES AGREE
                                                       )   TO EARLY ORGANIZATIONAL
12                                                    )   MEETING STIPULATION

13

14          Whereas the Los Angeles Superior Court and the Executive Committee of the

15
     Litigation Section of the Los Angeles County Bar Association have cooperated in
16

17   drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

18   use in general jurisdiction civil litigation in Los Angeles County;

19          Whereas the Los Angeles County Bar Association Litigation Section; the Los

20   Angeles County Bar Association Labor and Employment Law Section; the Consumer

21
     Attorneys Association of Los Angeles; the Association of Southern California Defense
22

23   Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

24   Employment Lawyers Association all "endorse the goal of promoting efficiency in

25   litigation, and ask that counsel consider using these stipulations as a voluntary way to

26   promote communications and procedures among counsel and with the court to fairly

27
     resolve issues in their cases;"
28

-1-

ORDER PURSUANT TO CCP 1054(a)

22

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court
order.

DATED: *May 11, 2011*

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

 **Superior Court of California, County of Los Angeles**

---

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com
     (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

2022-SJ-008-02

**FILED**
Superior Court of California
County of Los Angeles

MAY 04 2022

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Anoush Alchitarian

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned to the ) | SEVENTH AMENDED STANDING |
| Personal Injury Hub Courts (Spring Street ) | ORDER FOR PROCEDURES IN THE |
| | PERSONAL INJURY HUB COURTS |
| Courthouse) ) | EFFECTIVE MAY 16, 2022 (REVISED |
| ) | 05/04/2022) |
| _____ ) | |

## STANDING ORDER RE: PROCEDURES AT PERSONAL INJURY

## HUB COURTS AT THE SPRING STREET COURTHOUSE

The Superior Court of California, in and for the County of Los Angeles (Superior Court, Los Angeles County), hereby issues the following order prescribing the procedures to be followed in the Personal Injury Hub Courts at the Spring Street Courthouse.

**1. Authority**

This order is being made pursuant to the Code of Civil Procedure, the California Rules of Court, rule 3.720, and the Superior Court, Los Angeles County, Local Rules, rule 3.23. It supersedes the following General and Standing Orders:

    A. Amended General Order Re: General Jurisdiction Personal Injury Cases – Filing Location (5/16/2014);

    B. First Amended Standing Order Re: Final Status Conference, Personal Injury ("PI") Courts (4/16/2018);

2022-SJ-008-02

1         First Amended Standing Order Re: Personal Injury Procedures at the Spring

2         Street Courthouse (2/24/2020);

3       C. Third Amended Standing Order Re: Final Status Conference, Personal Injury

4          ("PI") Courts (2/24/2020);

5       D. Fifth Amended Standing Order Re: Mandatory Settlement Conference (2/24/20);

6       E. Amended Supplemental Standing Order re Covid Protective Measures Related to

7          Final Status Conferences in Personal Injury Cases at the Spring Street Courthouse

8          (12/22/2020);

9       F. Sixth Amended Standing Order Re: Mandatory Settlement Conference (6/23/21);

10         and

11       G. Second Amended Supplemental Standing Order re Covid Protective Measures

12         Related to Final Status Conferences in Personal Injury Cases at the Spring Street

13         Courthouse (10/08/2021).

14   **2. Definition of Personal Injury (PI) Cases**

15       As prescribed by the Superior Court, Los Angeles County, Local Rules, rule 2.3(a)(1)(A),

16   "personal injury" cases are those alleging injuries arising from:

17      ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

18      ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death

19      ☐ 2301 Premises Liability (e.g., dangerous conditions of property, slip/trip and fall,

20      dog attack, etc.)

21      ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault,

22      battery, vandalism, etc.)

23      ☐ 2303 Intentional Infliction of Emotional Distress

28

1 ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death

2 ☐ 2307 Construction Accidents

3 The Superior Court, Los Angeles County, will assign a case to the PI Hub Courts if

4 plaintiff(s) checks any of the above boxes on the Civil Case Cover Sheet Addendum and

5 Statement of Location (Form LASC CIV 109).

6 However, cases alleging causes of action for product liability, medical or health

7 professional malpractice, elder abuse, sexual abuse, and habitability issues **will not** be assigned

8 to the PI Hub Courts. If any of the following boxes are checked on the Civil Case Cover Sheet

9 Addendum and Statement of Location, the case will be assigned to an Independent Calendar

10 Court:

11 ☐ 2401 Product Liability (not asbestos or toxic/environmental)

12 ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (Civil Code,

13 sections 1790-1795.8) (Lemon Law)

14 ☐ 2305 Elder/Dependent Adult Abuse and Claims Against Skilled Nursing Facility

15 ☐ 2306 Intentional Conduct - Sexual Abuse Case (in any form)

16 ☐ 2308 Landlord - Tenant Habitability (e.g., bed bugs, mold, etc.)

17 ☐ 4501 Medical Malpractice - Physicians & Surgeons

18 ☐ 4502 Other Professional Health Care Malpractice

19 Independent Calendar Courts will handle such cases for all purposes, including trial.

20 **3. Assignment to PI Hub Court and Final Status Conference, Trial, and Order to Show**

21 **Cause Dates**

22 All PI cases filed in Los Angeles County (with the exception of those filed in the Michael

23 Antonovich Antelope Valley Courthouse) will be assigned to a PI Hub Court located at 312

29

2022-SJ-008-02

1 | North Spring Street, Los Angeles, CA 90012. In addition, upon filing, a case will be assigned a

2 | Trial date approximately 18 months from the filing date, a Final Status Conference (FSC) date

3 | approximately eight court days prior to the Trial date, and a date for a hearing on an Order to

4 | Show Cause why the case should not be dismissed pursuant to Code of Civil Procedure sections

5 | 583.410 and 583.420(a)(1) approximately 24 months from the filing date.

6 | **4.  Transferring Cases from the PI Hub Courts**

7 |       The PI Hub Courts may transfer a case *sua sponte* based upon a determination that the

8 | case is either not a PI case or that it requires more case management than the PI Hub Courts can

9 | provide, given their case inventories.

10 | **5.  Filing of Documents**

11 |       Except for self-represented litigants or counsel who have obtained an exemption from

12 | mandatory electronic filing, parties must electronically file documents. Filings are no longer

13 | accepted via facsimile. The requirements for electronic filing are detailed in the Superior

14 | Court, Los Angeles County's operative General Order Re Mandatory Electronic Filing for

15 | Civil, available online at https://www.lacourt.org/division/efiling/pdf/GenOrdCivilEfiling.pdf.

16 | **6.  Service of Summons and Complaint**

17 |       Plaintiff(s) shall serve the summons and complaint upon Defendant(s) within 60 days of

18 | filing of the complaint.  (California Rules of Court, rule 3.110 (b).) Failure to do so may result

19 | in the imposition of sanctions.  (Code of Civil Procedure, sections 128, 177.5; California Rules

20 | of Court, rule 2.30.)  In addition, at a hearing on an Order to Show Cause re Dismissal (described

21 | in Paragraph three above), the PI Hub Courts may dismiss the case and/or all unserved parties

22 | unless Plaintiff(s) shows cause why the case or the unserved parties should not be dismissed.

23 | (Code of Civil Procedure, sections 583.410, 583.420(a)(2).).

30

**7. Stipulations to Advance or Continue Trial**

The Court may honor stipulations by all parties to a case to advance or continue a trial, provided that the proposed trial date is not beyond 24 months of the filing of the complaint, without a showing of good cause.

To advance or continue a trial date, the parties (or their counsel of record) should jointly execute and submit a (Proposed) Order and Stipulation to Continue Trial, FSC [and Related Motion/Discovery Dates Personal Injury Courts Only (Central District)] (LACIV-CTRL242). The PI Hub Courts schedule FSCs at 10:00 a.m., approximately eight court days before the trial date. Parties seeking to advance or continue trial and FSC dates shall file the stipulation at least eight court days before the existing FSC date. (Code of Civil Procedure, section 595.2; Government Code, section 70617(c)(2).) In selecting a new trial date, parties should avoid setting on Mondays, or Tuesdays following a court holiday.

Parties may submit a maximum of two stipulations to continue trial for a total continuance of six months before 24 months of the filing of the complaint. Other requests to continue trial will be granted only upon a showing of good cause by noticed motion.

**8. No Case Management Conferences**

The PI Hub Courts do not conduct case management conferences. Thus, the parties need not file a Case Management Conference Statement.

**9. Law and Motion**

A. Reservation Hearing Date

Parties must reserve hearing dates for motions in the PI Hub Courts using the Court Reservation System (CRS) available online (www.lacourt.org). After reserving a motion hearing date, the reservation requestor must submit the moving papers for filing with the reservation

PAGE 5 OF 19

SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

1   receipt number printed on the face page of the document under the caption and attach the

2   reservation receipt as the last page. Parties or counsel who are unable to utilize the online CRS

3   to reserve a hearing date may contact the assigned PI Hub Court for assistance, Monday through

4   Friday, between 3:00 p.m. and 4:00 p.m.

5       As soon as a reservation requestor realizes that a motion hearing, or other proceeding

6   requiring a reservation in the PI Hub Courts, such as in Informal Discovery Conference (IDC)

7   will not be necessary, the reservation requestor shall immediately use CRS to cancel the

8   reservation for the motion hearing, or other proceeding requiring a reservation.

9       If the moving party deems the hearing date to be too far in the future (for example, after

10   the trial date), parties should check CRS from time to time because earlier hearing dates may

11   become available as cases settle or hearings are taken off calendar. The Court will not advance

12   a hearing date because it is set after a trial date. If a hearing is set after the trial date, the moving

13   party should seek to continue the trial, by noticed motion, instead. (See, Section 10. Ex Parte

14   Applications, below.)

15     B. Electronically Filed Documents

16       Any and all electronically filed documents must be text searchable and bookmarked

17   pursuant to the operative General Order re Mandatory Electronic Filing for Civil, General Order

18   re Mandatory Electronic Filing in Civil.

19     C. Courtesy Copies

20       Courtesy copies are required for Ex Parte Applications, Motions for Summary Judgment,

21   Oppositions to Ex Parte Applications and Motions for, Oppositions to, and Replies to

22   Oppositions to Motions for Summary Judgment or Summary Adjudication.

23   ///

32

2022-SJ-008-02

1    Courtesy copies must be submitted directly to the assigned PI Hub Court at the Spring

2    Street Courthouse. The PI Hub Courts strongly encourage the parties filing and opposing lengthy

3    motions for summary judgment or adjudication, to submit one or more three-ring binders

4    organizing the courtesy copies behind tabs. Any courtesy copies of documents with declarations

5    and/or exhibits must be tabbed. (California Rules of Court, rule 3.1110(f).) All deposition

6    excerpts referenced in briefs must be marked on the transcripts attached as exhibits. (California

7    Rules of Court, rule 3.1116(c).) Courtesy copies, including any media attached thereto, will be

8    destroyed by the Court without notice following the hearing.

9    D. Withdrawal of Motions

10    If a moving party takes a motion off a PI Hub Court's calendar, the moving party must

11    notify the court immediately and should remove the item from the Court's calendar on CRS.

12    (California Rules of Court, rule 3.1304(b).) If, in response to a demurrer or a motion to strike,

13    a party exercises its right to amend a pleading as prescribed by Code of Civil Procedure section

14    472(a), the Court requests that party work with the party who filed the demurrer or motion to

15    strike to take the demurrer or motion to strike off calendar so that the PI Hub Courts do not

16    needlessly prepare tentative rulings.

17    E. Motions to Compel Further Responses to Discovery

18    PI Hub Courts will not hear Motions to Compel Further Discovery Responses to

19    Discovery until the parties have engaged in an Informal Discovery Conference (IDC).

20    PI Hub Courts may deny or continue a Motion to Compel Further Responses to

21    Discovery unless the parties have participated in an IDC before the scheduled hearing on a

22    motion to compel further discovery responses.

23    ///

SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

33

1   After meeting and conferring about available dates for an IDC, the moving/propounding

2   party shall reserve an IDC through CRS (see paragraph 9 above) and provide notice of the

3   reserved IDC to the opposing/responding party by filing and serving an Informal Discovery

4   Conference Form for Personal Injury Courts  LASC CIV 239 at least 15 court days before the

5   IDC and attach the CRS reservation receipt as the last page. **The IDC will not be "scheduled"**

6   **by the court until the IDC Form is filed.** The opposing/responding party may file and serve a

7   responsive IDC Form at least 10 court days before the IDC.  All parties shall briefly set forth

8   their respective positions on the pending discovery issues on the IDC Form.

9   Ideally, the parties should participate in an IDC before a Motion to Compel Further

10   Discovery Responses is filed because the IDC may avoid the necessity of such a motion or, at

11   least, reduce its scope.  Because of that possibility, parties are encouraged to stipulate to extend

12   the deadline for filing a Motion to Compel Further Discovery Responses by 60 days in order to

13   allow time to participate in an IDC and to informally resolve the pending discovery issues.

14   Note:  Reserving or scheduling an IDC **does not extend the time to file a Motion to**

15   **Compel Further Discovery Responses.**

16   If parties do not stipulate to extend the deadline(s) to file a Motion to Compel Further

17   Discovery Responses, the moving/propounding party may file the motion to avoid it being

18   deemed untimely.  However, the IDC must take place before the motion is heard so it is

19   suggested that the moving party reserve a date for the motion hearing that is at least 60 days after

20   the date when an IDC is scheduled.  Note:  A party's failure to stipulate to extend the time to

21   bring a Motion to Compel Further Discovery Responses so that an IDC may be held may subject

22   the parties and/or counsel to the imposition of sanctions.

23   ///

SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

34

2022-SJ-008-02

1    The PI Hub Courts have found that, in most cases, IDCs are successful at assisting the
2  parties to amicably resolve their discovery disputes, and in resolving the case as a whole. The
3  purpose of the IDC is to assist the parties to resolve and/or narrow the scope of discovery
4  disputes. Therefore, parties, through their respective counsel of record with full authority to
5  make binding agreements, shall participate in the scheduled IDC. The PI Hub Courts have found
6  that most discovery disputes result from a failure to meaningfully meet and confer on the pending
7  discovery issues. The PI Hub Courts generally find that meeting and conferring by only
8  exchanging letters and e-mails, as opposed to actual conversation, are insufficient and
9  ineffective. Thus, in requesting an IDC, the parties must indicate on their IDC forms what efforts
10  were made to informally resolve pending discovery issues, which must include in-person or
11  virtual meetings or telephonic communications. (The PI Hub Courts require this same showing
12  in declarations filed in support of, and in opposition to, Motions to Compel Further Discovery
13  Responses.)

14    Time permitting, the PI Hub Courts may be available to conduct IDCs to resolve other
15  types of discovery disputes.

16  **10. Ex Parte Applications**

17    The PI Hub Courts will only grant ex parte relief upon a showing, by admissible
18  evidence, that the moving party will suffer "irreparable harm," "immediate danger," or where
19  the moving party identifies "a statutory basis for granting relief ex parte." (California Rules of
20  Court, rule 3.1202(c).) The PI Hub Courts have no capacity to hear multiple ex parte
21  applications or to shorten time to add hearings to their fully booked motion calendars. Given
22  the PI Hub Courts' impacted calendars, a PI Hub Court's unavailability for timely motion
23  hearings is not an "immediate danger" or threat of "irreparable harm" justifying ex parte relief.

PAGE 9 OF 19

SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

35

1  Instead of seeking ex parte relief, the moving party should reserve the earliest available motion

2  hearing date (even if it is after the scheduled trial date) and file a noticed motion to continue the

3  trial.

4  And, again, parties should check CRS from time to time because earlier hearing dates

5  may become available as cases settle or hearings are taken off calendar.

6  **11. Jury Fees**

7  Parties must pay jury fees no later than 365 calendar days after the filing of the initial

8  complaint. (Code of Civil Procedure, § 631(c)(2).)

9  **12. Final Status Conference**

10  A. Purpose

11  The purpose of the FSC is to verify that the parties are completely ready to proceed with

12  trial continuously and efficiently, from day to day, until verdict. The PI Hub Courts will verify

13  at the FSC that all parties have (1) prepared all necessary trial documents, and (2) met and

14  conferred in an effort to stipulate to ultimate facts, legal issues, Motions in Limine, and the

15  authentication/foundation and admissibility of exhibits.

16  B. Trial Documents to Be Filed

17  At least five calendar days prior to the FSC, the parties shall serve and file the following

18  Trial Readiness Documents:

19  1.  Trial Briefs (Optional)

20  Each party may, but is not required to, file a trial brief succinctly identifying:

21  a. the claims and defenses subject to litigation;

22  b. the major legal issues (with supporting points and authorities);

23  c. the relief claimed and calculation of damages sought; and

**PAGE 10 OF 19**

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

36

2022-SJ-008-02

1     d. any other information that may assist the court at trial.

2     2. Motions in Limine

3     Before filing Motions in Limine, the parties shall comply with the statutory notice

4  provisions of Code of Civil Procedure section 1005 and the requirements of the Superior Court,

5  Los Angeles County, Local Rules, rule 3.57(a). The caption of each Motion in Limine shall

6  concisely identify the evidence that the moving party seeks to preclude. Parties filing more than

7  one Motion in Limine shall number them consecutively. Parties filing opposition and reply

8  documents shall identify the corresponding motion number in the caption.

9     3. Joint Statement to Be Read to the Jury

10     For jury trials, the parties shall prepare and file a joint written statement of the case for

11  the trial court to read to the jury. (Superior Court, Los Angeles County, Local Rules, rule

12  3.25(g)(4).)

13     4. Joint Witness List

14     The parties shall prepare and file a joint, alphabetized by last name, list of all witnesses

15  that each party intends to call, excluding impeachment and rebuttal witnesses. (Superior Court,

16  Los Angeles County, Local Rules, rule 3.25(g)(5).) The joint witness list shall identify each

17  witness by name, specify which witnesses are non-experts and experts, estimate the length of the

18  direct, cross, and re-direct examination of each witness, and include a total number of hours for

19  all witness testimony. The parties shall identify all potential witness scheduling issues and

20  special requirements. Any party who seeks to elicit testimony from a witness not identified on

21  the witness list must first make a showing of good cause to the trial court.

22  ///

23  ///

PAGE 11 OF 19
SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

37

2022-SJ-008-02

1    5.  List of Proposed Jury Instructions (Joint and Contested)

2        The parties shall jointly prepare and file a list of proposed jury instructions, organized in

3    numerical order, including columns to indicate whether an instruction is agreed to or contested.

4    In addition, the List of Proposed Jury Instructions must include columns for a trial judge to

5    indicate whether an instruction was given, given as modified, refused or withdrawn. (California

6    Rules of Court, rule 2.1055.)

7        6.  Jury Instructions (Joint and Contested)

8        The parties shall prepare a complete set of full text proposed jury instructions in a format

9    ready for submission to the jury, by editing all proposed California Civil Jury Instructions

10   including inserting party name(s) and eliminating blanks, brackets, and irrelevant material. The

11   parties may prepare special instructions in a format ready for submission to the jury with the

12   instruction number, title, and text only (**i.e., there should be no boxes or other indication on**

13   **the printed instruction itself as to which party is requesting the instruction).**

14       7.  Joint Verdict Form(s)

15       The parties shall prepare and jointly file a proposed general verdict form or special

16   verdict form (with interrogatories) acceptable to all parties. (Superior Court, Los Angeles

17   County, Local Rules, rule 3.25(g)(8).) If the parties cannot agree on a joint verdict form, each

18   party must separately file a proposed verdict form.

19       8.  Joint Exhibit List

20       The parties shall prepare and file a joint exhibit list organized with columns identifying

21   each exhibit, setting forth stipulations, if any, to authenticity/foundation and admissibility of

22   exhibits, and specifying evidentiary objections, if any, to the admission of an exhibit. If an

23   objection to an exhibit is not articulated on the exhibit list, the trial court may deem the exhibit

SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

38

1 | admitted. The parties shall meet and confer regarding stipulations to authenticity/foundation and

2 | admissibility of exhibits, and to resolve objections, if any, to the admission of an exhibit, before

3 | filing the Joint Exhibit List.

4 | 9. Page and Line Designation for Deposition and Former Testimony

5 | If the parties intend to use deposition testimony or former trial testimony in lieu of any

6 | witness' live testimony, the parties shall meet and confer, and jointly prepare and file a chart

7 | with columns for each of the following: 1) the page and line designations of the deposition or

8 | former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses

9 | thereto, and 5) the Court's ruling.

10 | C. Items to be Presented at the Final Status Conference

11 | 1. Trial Binders

12 | The parties shall jointly prepare (and be ready to temporarily lodge) 3-ring binders

13 | containing conformed (filed in eCourt) copies of all the following:

14 | Tab A: Trial Briefs (Optional)

15 | Tab B: Motions in Limine

16 | The parties shall organize Motions in Limine (tabbed in numerical order) with the

17 | opposition papers and reply papers for each motion placed directly behind the moving

18 | papers.

19 | Tab C: Joint Statement to Be Read to the Jury

20 | Tab D: Joint Witness List

21 | Tab E: Joint List of Jury Instructions (identifying the agreed upon and contested

22 | instructions)

23 | Tab F: Joint and Contested Jury Instructions

**PAGE 13 OF 19**

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

39

2022-SJ-008-02

1    The parties shall organize proposed jury instructions with the agreed upon instructions

2    first in order followed by the contested instructions (including special instructions)

3    submitted by each party.

4    Tab G: Joint and/or Contested Verdict Form(s)

5    Tab H: Joint Exhibit List

6    Tab I: Joint Chart of Page and Line Designation(s) for Deposition and Former Testimony

7    Tab J: Copies of the Current Operative Pleadings (including the operative complaint,

8    answer, cross-complaint, if any, and answer to any cross-complaint).

9        2.   Filing and Electronic Submission of Trial Documents

10   In an effort to reduce the number of in-person appearances in the PI Hub Courts, in

11   addition to the parties filing and serving the Trial Documents at least five calendar days prior to

12   the FSC, two court days prior to the FSC, the parties must provide the PI Hub Court with the

13   trial binders in electronic form (see below). This will allow parties to appear remotely for the

14   FSC and provide the PI Hub Courts with the opportunity to review the trial binders to determine

15   whether parties are ready for trial. Hard copies of the trial binders will continue to be required

16   for the trial.

17       a.   The parties must submit in one PDF conformed copies of the joint statement of the

18           case, joint witness list, joint list of jury instructions, full-text joint and contested jury

19           instructions, joint and/or contested verdict form(s), joint exhibit list, joint deposition

20           designation chart, and operative pleadings as listed in paragraph C.1. above (Tabs C

21           through J).

22       b.   The trial briefs and Motions in Limine, oppositions, and replies, if any, must be

23           submitted in a separate PDF as listed in paragraph C.1 above (Tabs A and B). **If a**

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

40

2022-SJ-008-02

1     **Motion in Limine and exhibits thereto exceed 10 pages, the parties may submit**

2     **just the face page of the motion.** (The entire motion will still need to be brought to

3     the trial in the appropriate binder.)

4     c. The PDFs must be text searchable.

5     d. The PDFs must be bookmarked which is essentially an electronic tab so that the PI

6     Hub Court is able to find and navigate among the trial documents.

7     (See https://helpx.adobe.com/acrobat/using/page-thumbnails-bookmarks-

8     pdfs.html for bookmarking instructions.)

9     e. The PDFs must be emailed to the applicable email address listed below:

10     Department 27 at sscdept27FSC@LACourt.org

11     Department 28 at sscdept28FSC@LACourt.org

12     Department 29 at sscdept29FSC@LACourt.org

13     Department 30 at sscdept30FSC@LACourt.org

14     Department 31 at sscdept31FSC@LACourt.org

15     Department 32 at sscdept32FSC@LACourt.org

16     f. The subject line in the email must include identifying case information as follows:

17     [Insert Case Number] Trial Readiness Binder, FSC, [Insert MM/DD/YEAR of

18     Hearing Date] (e.g., 20STCV00001 Trial Readiness Binder, FSC 01/11/2022).

19     g. Each email should have two PDFs attached – one containing the trial documents and

20     the other containing the trial briefs and Motions in Limine, if applicable.

21     h. The parties need not email the evidentiary exhibit binders to the PI Hub Court for the

22     FSC. However, the parties shall prepare the exhibit binders as required (see section

23     3. Evidentiary Exhibits, below) and be prepared to represent to the PI Hub Court that

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

41

1    the binders have been properly prepared. Hard copies of the exhibit binders will be

2    required for the trial court.

3    3.  Evidentiary Exhibits

4    The parties shall jointly prepare (and be ready to temporarily lodge for inspection at the

5    FSC) three sets of tabbed, internally paginated by document, and properly marked exhibits,

6    organized numerically in three-ring binders (a set for the trial court, the Judicial Assistant, and

7    the witnesses). The parties shall mark all non-documentary exhibits and insert a simple written

8    description of the exhibit behind the corresponding numerical tab in the exhibit binder.

9    D.  Failure To Comply with Final Status Conference Obligations

10    The PI Hub Courts have the discretion to require any party or counsel of record who fails or

11    refuses to comply with this Standing Order to show cause why the Court should not impose

12    monetary, evidentiary, and/or issue sanctions (including the entry of a default or the striking of

13    an answer).

14    **13. Mandatory Settlement Conferences**

15    Mandatory Settlement Conferences (MSC) are available on a virtual platform hosted by

16    the Beverly Hills Bar Association at ResolveLawLA.com.  MSCs are conducted by volunteer

17    attorneys from the American Board of Trial Advocates, the Association of Southern California

18    Defense Counsel, the Consumer Attorneys Association of Los Angeles, and the Beverly Hills

19    Bar Association and are overseen by the Court.

20    ///

21    ///

22    ///

23    ///

42

2022-SJ-008-02

1  MSCs are available in cases with two sides[1] 1) by stipulation, or 2) by court order at the

2  Final Status Conference. If parties stipulate to participate in a ResolveLawLA MSC, they must

3  seek leave of Court to do so, by making an ex parte application using the PI Hub MSC

4  Stipulation form. Both parties should appear at the ex parte hearing. At the Final Status

5  Conference, the Court may order parties to participate in a MSC if the Court feels that it could

6  assist the parties in resolving the case.

7  Whether by stipulation or court order, parties must access the ResolveLawLA website

8  at www.ResolveLawLA.com to create an account and register the case for MSC within two court

9  days of the Court's order of the MSC. Plaintiff or its, her or his counsel (Plaintiff) must

10  coordinate with Defendant or its, her or his counsel (Defendant) and select a mutually agreed

11  upon date and time for the MSC prior to the trial date. Plaintiff shall also provide the name, email

12  address, and phone number for Defendant when registering the case for an MSC.

13  A MSC brief shall be lodged by each party at ResolveLawLA.com and served on all

14  parties not less than five court days before the scheduled MSC. The settlement conference

15  statement shall be limited to five pages on the MSC Brief and 10 pages for

16  exhibits. ResolveLawLA MSCs are available at 9 a.m. and 1:30 p.m. Monday through Friday,

17  excluding court holidays, and are conducted on a virtual platform. After a MSC is scheduled,

18  the ResolveLawLA system will send notifications via text and/or email and will include a link

19  for counsel, the parties, and insurance representatives to join the MSC remotely.

20

21

22

23

[1] Cases with cross-complaints or separately represented defendants are not eligible.

PAGE 17 OF 19

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

43

1    Pursuant to California Rules of Court, rule 3.1380(b) and Superior Court, Los Angeles

2  County, Local Rules, rule 3.25(d), counsel, the parties, and persons with full authority to settle

3  the case (including insurance company representatives) must attend the MSC virtually unless a

4  judicial officer has excused the virtual appearance for good cause.  Once Defendants are notified

5  that a case has been scheduled for a MSC, Defendants shall create their own login to the

6  ResolveLawLA.com system, and shall list all parties, party representatives and insurance

7  adjusters' names, phone numbers, and emails where indicated. In the event the MSC needs to be

8  canceled or rescheduled, it must be canceled through ResolveLawLA.

9    If the case settles before a scheduled MSC, parties shall forthwith notify the PI Hub Court

10  to which the case is assigned of such settlement.  The parties should also document their

11  settlement agreement in writing signed by all parties whether before or at the scheduled MSC.

12  **14. Trials**

13    The PI Hub Courts do not conduct trials. On the trial date, all parties and/or their trial

14  counsel **must appear in person** in the PI Hub Court assigned to the case.  Upon confirming that

15  the parties are trial-ready, the PI Hub Court will obtain a Trial Court assignment from Stanley

16  Mosk Courthouse, Department 1, and will inform the parties and/or trial counsel of the

17  assignment. The parties then have 20 minutes within which to exercise a peremptory challenge

18  to the assigned trial court, assuming that party had not previously exercised the party's right to

19  make such a challenge.

20    Should a Plaintiff fail to appear at trial, the PI Hub Court will dismiss the case without

21  prejudice. (Code of Civil Procedure section 581(b)(3).) If a Defendant fails to appear at trial, the

22  PI Hub court will obtain a Trial Court assignment from Department 1 and the Plaintiff will

23  ///

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

44

2022-SJ-008-02

1 | proceed with an uncontested trial pursuant to Code of Civil Procedure section 594 and *Warden*

2 | *v. Lamb* (1929) 98 Cal.App. 738, 741.

3 | **15. Sanctions**

4 |     The Court has discretion to impose sanctions for any violation of this Standing Order.

5 | (Code of Civil Procedure, sections 128.7, 187; Government Code, section 68608(b).)

6 |

7 | Dated: 5/4/22

Judge David J. Cowan
Supervising Judge, Civil Division

**PAGE 19 OF 19**

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

Electronically FILED by Superior Court of California, County of Los Angeles on 06/14/2022 04:50 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk
22STCV19471

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: William Crowfoot

**PLD-PI-001**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Jack Sogoyan (SBN # 299457); Arthur Khachatrian (SBN 343818)<br>Zwirn, Gevorkyan and Sogoyan LLP<br>3504 W. Magnolia Blvd.<br>Burbank, CA 91505<br>TELEPHONE NO: (818) 928-5000     FAX NO. *(Optional):* (818) 928-2104<br>E-MAIL ADDRESS *(Optional):* js@zgslaw.com; ak@zgslaw.com<br>ATTORNEY FOR *(Name):* Plaintiff, Sonia Hovnanian | **FOR COURT USE ONLY** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles<br>STREET ADDRESS: 312 N. Spring St.<br>MAILING ADDRESS: 312 N. Spring St.<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Spring Street Courthouse | |
| PLAINTIFF: Sonia Hovnanian<br><br>DEFENDANT: Costco Wholesale Corporation, and<br><br>[✓] DOES 1 TO 50 | |
| **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**<br>[ ] **AMENDED** *(Number):*<br>Type *(check all that apply):*<br>[ ] **MOTOR VEHICLE**   [✓] **OTHER** *(specify):* Demand for Jury Trial<br>  [ ] **Property Damage**  [ ] **Wrongful Death**<br>  [✓] **Personal Injury**  [✓] **Other Damages** *(specify):* Proof at Trial | CASE NUMBER: |
| **Jurisdiction** *(check all that apply):*<br>[ ] **ACTION IS A LIMITED CIVIL CASE**<br>Amount demanded [ ] does not exceed $10,000<br>    [ ] exceeds $10,000, but does not exceed $25,000<br>[✓] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**<br>[ ] **ACTION IS RECLASSIFIED** by this amended complaint<br>  [ ] from limited to unlimited<br>  [ ] from unlimited to limited | 22STCV19471 |

1. Plaintiff *(name or names):* Sonia Hovnanian
   alleges causes of action against **defendant** *(name or names):*
   Costco Wholesale Corporation, and DOES 1 to 50

2. This pleading, including attachments and exhibits, consists of the following number of pages: 5

3. Each plaintiff named above is a competent adult
   a. [ ] **except plaintiff** *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   b. [ ] **except plaintiff** *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007] | **COMPLAINT—Personal Injury, Property**<br>**Damage, Wrongful Death** | Code of Civil Procedure, § 425.12<br>*www.courtinfo.ca.gov* |

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Hovnanian v. Costco Wholesale Corporation | |

4. ☐ Plaintiff *(name):*
      is doing business under the fictitious name *(specify):*

      and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
  a. ☑ **except** defendant *(name):* Costco Wholesale Cor c. ☐ **except** defendant *(name):*
     (1) ☐ a business organization, form unknown     (1) ☐ a business organization, form unknown
     (2) ☑ a corporation               (2) ☐ a corporation
     (3) ☐ an unincorporated entity *(describe):*     (3) ☐ an unincorporated entity *(describe):*

     (4) ☐ a public entity *(describe):*          (4) ☐ a public entity *(describe):*

     (5) ☐ other *(specify):*              (5) ☐ other *(specify):*

  b. ☐ **except** defendant *(name):*        d. ☐ **except** defendant *(name):*
     (1) ☐ a business organization, form unknown     (1) ☐ a business organization, form unknown
     (2) ☐ a corporation               (2) ☐ a corporation
     (3) ☐ an unincorporated entity *(describe):*     (3) ☐ an unincorporated entity *(describe):*

     (4) ☐ a public entity *(describe):*          (4) ☐ a public entity *(describe):*

     (5) ☐ other *(specify):*              (5) ☐ other *(specify):*

    ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
  a. ☑ Doe defendants *(specify Doe numbers):* 1 to 24       were the agents or employees of other
     named defendants and acted within the scope of that agency or employment.
  b. ☑ Doe defendants *(specify Doe numbers):* 25 to 50     are persons whose capacities are unknown to
     plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
  a. ☐ at least one defendant now resides in its jurisdictional area.
  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
  a. ☐ has complied with applicable claims statutes, **or**
  b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Hovnanian v. Costco Wholesale Corporation | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☑ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☑ Premises Liability
   f. ☐ Other *(specify):*

11. Plaintiff has suffered
   a. ☑ wage loss
   b. ☐ loss of use of property
   c. ☑ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☑ loss of earning capacity
   g. ☑ other damage *(specify):*
       According to Proof at Trial.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
      (2) ☑ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☑ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: June 14, 2022

Arthur Khachatrian, Esq.
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]     **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**     Page 3 of 3

PLD-PI-001(2)

| SHORT TITLE:<br>Hovnanian v. Costco Wholesale Corporation | CASE NUMBER: |
|---|---|

FIRST _____ **CAUSE OF ACTION—General Negligence**   Page ___4___
(number)

ATTACHMENT TO [✔] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Sonia Hovnanian

alleges that defendant *(name):* Costco Wholesale Corporation, and

[✔] Does  1 _____  to  50 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date):* July 21, 2020
at *(place):* 1220 W. Foothill Blvd., Azusa, CA 91702

*(description of reasons for liability):*

1. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein,
Defendants, Costco Wholesale Corporation, ("Defendants") (and/or DOES 1 to 50) owned,
operated, managed, controlled, and maintained the property located at the above-referenced
location.

2. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein,
Defendants (and/or DOES 1 to 50) had a duty to use ordinary care and/or skill in the management
of said property in assuring that said property was safe for use by its patrons/invitees/licensees.

3. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein,
Defendants (and/or DOES 1 to 50) negligently and carelessly owned, operated, managed,
controlled, and/or maintained the subject property so as to allow a hazardous condition to persist
for more than a reasonable amount of time necessary to cure the hazardous condition.

4. As a direct and proximate result of Defendants' (and/or DOES 1 to 50) negligence, Plaintiff
sustained bodily and psychological injuries, all of which have caused and continue to cause
Plaintiff pain and suffering.

5. Further, as a direct and proximate result of Defendants' (and/or DOES 1 to 50) negligence,
Plaintiff sought medical treatment and incurred medical expenses.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

PLD-PI-001(4)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Hovnanian v. Costco Wholesale Corporation | |

<u>SECOND</u>      **CAUSE OF ACTION—Premises Liability**   Page   <u>5</u>
(number)

ATTACHMENT TO   [✓] Complaint   [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* Sonia Hovnanian
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date):* July 21, 2020      plaintiff was injured on the following premises in the following

fashion *(description of premises and circumstances of injury):*
Defendants, Costco Wholesale Corporation, (and/or DOES 1 to 50) owns, leases, occupies, operates, maintains, and controls the property located at 1220 W. Foothill Blvd., Azusa, CA 91702. On July 21, 2020, Defendants were negligent in the use or maintenance of said property by allowing a dangerous condition to exist, which caused Plaintiff Sonia Hovnanian to slip and fall. As a result, Plaintiff sustained bodily and psychological injuries.

Prem.L-2.   [✓]  **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names):*
Costco Wholesale Corporation, and

   [✓] Does 1    to 50

Prem.L-3.   [✓]  **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names):*
Costco Wholesale Corporation, and

   [✓] Does 1    to 50

Plaintiff, a recreational user, was   [ ] an invited guest   [✓] a paying guest.

Prem.L-4.   [ ]  **Count Three—Dangerous Condition of Public Property** The defendants who owned public property on which a dangerous condition existed were *(names):*

   [ ] Does    to

   a. [ ]  The defendant public entity had [ ] actual [ ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.
   b. [ ]  The condition was created by employees of the defendant public entity.

Prem.L-5.  a. [ ]  **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):*

   [ ] Does    to

   b. [ ]  The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are [ ] described in attachment Prem.L-5.b [ ] as follows *(names):*

---

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]

**CAUSE OF ACTION—Premises Liability**

Page 1 of 1

Code of Civil Procedure, § 425.12
*www.courtinfo.ca.gov*

50

# EXHIBIT "B"

**From:** Arthur Khachatrian <ak@zgslaw.com>
**Sent:** Wednesday, July 13, 2022 5:14:55 PM
**To:** Brian W. Skalsky <Brian.Skalsky@fmglaw.com>
**Cc:** Alexandra B. Ascione <Alex.Ascione@fmglaw.com>
**Subject:** Re: FW: Hovnanian v. Costco Wholesale Corporation

**Caution:** This email originated from outside of the FMG organization. **Do not click links** or **open attachments** unless you recognize the sender and know the content is safe.

Brian,

Thank you for your email.

We concur re: punitive damages.

Yes, my client is not willing to cap damages on this case at $75,000. If anything changes, I will let you know.

Best,
Arthur

On Wed, Jul 13, 2022 at 4:59 PM Brian W. Skalsky <Brian.Skalsky@fmglaw.com> wrote:

> Arthur,
>
>
> I wanted to follow up from our initial call two weeks ago on this matter, where we discussed (1) the punitive damages and (2) the caping of the value of the case.  As previously discussed, it was a clerical error that the punitive damages box was checked in the form complaint on this matter.  I think this could be addressed through a stipulation and proposed order, let me know if you concur.   We also discussed during our call whether Plaintiff would be willing to cap the damages on this case at $75,000 and you indicated you would get back to me after the 4th of July holiday.  Based on that fact that we have not received confirmation of that, we will move forward that Plaintiff is not willing to cap the damages on this case at $75,000 at this time.  If that changes at any point in the future, please let me know.  Should you wish to discuss further please let me know.
>
>
> Best regards

**Brian W. Skalsky**
Partner
**Freeman Mathis & Gary, LLP**
**3030 Old Ranch Parkway | Suite 200 | Seal Beach, CA 90740-2713**
**D: 562-281-4517 | C: 949-292-6254**
Brian.Skalsky@fmglaw.com | LinkedIn | Bio
www.fmglaw.com | Instagram | Twitter | Facebook



CA | CT | FL | GA | IL | IN | KY | MA | NJ | NY | OH | PA | RI | TN | TX
Please read this important notice and confidentiality statement

---

**From:** Brian W. Skalsky
**Sent:** Tuesday, June 28, 2022 9:46 AM
**To:** 'js@zgslaw.com' <js@zgslaw.com>
**Cc:** Alexandra B. Ascione <Alex.Ascione@fmglaw.com>; Amber H. Taylor <Amber.Taylor@fmglaw.com>
**Subject:** RE: Hovnanian v. Costco Wholesale Corporation

Jack,

Additionally, in the form complaint, the box for punitive damages is checked, I am assuming this was in error, given there are no allegations pled in the pleadings to support punitive damages in this alleged slip and fall case.  Can you confirm?

Best regards,

**Brian W. Skalsky**
Partner
**Freeman Mathis & Gary, LLP**
**3030 Old Ranch Parkway | Suite 200 | Seal Beach, CA 90740-2713**
**D: 562-281-4517 | C: 949-292-6254**
Brian.Skalsky@fmglaw.com | LinkedIn | Bio
www.fmglaw.com | Instagram | Twitter | Facebook



CA | CT | FL | GA | IL | IN | KY | MA | NJ | NY | OH | PA | RI | TN | TX
Please read this important notice and confidentiality statement

---

**From:** Brian W. Skalsky
**Sent:** Tuesday, June 28, 2022 9:28 AM
**To:** js@zgslaw.com
**Cc:** Alexandra B. Ascione <Alex.Ascione@fmglaw.com>; Amber H. Taylor <Amber.Taylor@fmglaw.com>
**Subject:** Hovnanian v. Costco Wholesale Corporation


Jack,


I just left you a voicemail on this matter.  Our office is coming in to represent Costco Wholesale Corporation.  Give me a call when you have a chance today.


Best regards,


**Brian W. Skalsky**
Partner
**Freeman Mathis & Gary, LLP**
**3030 Old Ranch Parkway | Suite 200 | Seal Beach, CA 90740-2713**
**D: 562-281-4517 | C: 949-292-6254**
Brian.Skalsky@fmglaw.com | LinkedIn | Bio
www.fmglaw.com | Instagram | Twitter | Facebook



CA | CT | FL | GA | IL | IN | KY | MA | NJ | NY | OH | PA | RI | TN | TX
Please read this important notice and confidentiality statement


--
Arthur Khachatrian, Esq.
Zwirn, Gevorkyan & Sogoyan LLP
3504 W. Magnolia Blvd.
Burbank, CA 91505
818.928.5000 - General
818.999.0474 - Direct
818.928.2104 - Fax

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

# EXHIBIT "C"

1    BRIAN W. SKALSKY, SBN 277883
        *Brian.Skalsky@fmglaw.com*
2    ALEXANDRA B. ASCIONE, SBN 316499
        *Alex.Ascione@fmglaw.com*
3    **FREEMAN MATHIS & GARY, LLP**
     3030 Old Ranch Pkwy, Suite 200
4    Seal Beach, CA 90740-2752
     Telephone:    562.281.4517
5    Facsimile:    833.317.0293

6    Attorneys for Defendant
     COSTCO WHOLESALE CORPORATION

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9           **FOR THE COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE**

10

11   SONIA HOVANIAN,                      )   CASE NO.:  22STCV19471
                                          )   Assigned to Hon. William A. Crowfoot, Dept. 27
12                                        )   [Complaint Filed on June 14, 2022]
                        Plaintiff,        )   **Trial Date: December 12, 2023**
13                                        )
         vs.                              )   **NOTICE TO ADVERSE PARTIES AND**
14                                        )   **THE SUPERIOR COURT OF REMOVAL**
     COSTCO WHOLESALE CORPORATION,        )   **OF ACTION**
15   and DOES 1 to 50,                    )
                                          )
16                      Defendants.       )
                                          )
17   ──────────────────────────────────  )

18        **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, AND TO THE**

19   **CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR**

20   **THE COUNTY OF LOS ANGELES:**

21        PLEASE TAKE NOTICE that Defendant COSTCO WHOLESALE CORPORATION,

22   pursuant to 28 U.S.C. § 1441, filed a Notice of Removal of this action in the United States District

23   Court for the Central District of California, Western Division on July 22, 2022.  The Superior Court

24   of the State of California, County of Los Angeles, is hereby advised that, pursuant to 28 U.S.C. §§

25   1446, the filing of the Notice of Removal in the United States District Court, together with the

26   service and filing of a copy of that Notice with this Court, effects the removal of the above-entitled

27   action, which can proceed no further in this action, unless and until such time as the action may be

28   remanded by order of the United States District Court. A copy of the Notice of Removal is attached

                                             1
     ─────────────────────────────────────────────────────────────────────
         NOTICE TO ADVERSE PARTIES AND THE SUPERIOR COURT OF REMOVAL OF ACTION

1    to this Notice as **Exhibit 1** and is served and filed herewith.

2

3    DATED:  July 22, 2022                         FREEMAN MATHIS & GARY, LLP

4
                                         By:
5                                              _____
                                               BRIAN SKALSKY, ESQ.
6                                              ALEXANDRA ASCIONE, ESQ.
                                               Attorneys for Defendants,
7                                              COSTCO WHOLESALE CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action; my business address is 550 S. Hope St., Suite 2200, Los Angeles, California 90071.

On July 22, 2022, I served the foregoing document described as

**NOTICE TO ADVERSE PARTIES AND THE SUPERIOR COURT OF REMOVAL OF ACTION**

on the interested parties in this action:

PLEASE SEE ATTACHED PROOF OF SERVICE LIST

\_\_ **BY MAIL**. I caused such envelopes with postage thereon fully prepaid to be placed in the United States mail in the County of Los Angeles.

\_\_ **BY PERSONAL SERVICE**. I caused such envelopes to be delivered by hand to the offices of the addressee.

\_\_ **BY FACSIMILE**. I caused such documents to be sent to the address above via the facsimile number indicated.

\_\_ **BY OVERNIGHT MAIL:** By **UPS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, the document listed above was placed in a sealed envelope addressed to the parties set forth on the attached Service List, and delivered to an authorized courier or driver authorized by the express service carrier, with delivery fees fully prepaid or provided for.

\_\_ **BY EMAIL** I caused a copy of the document(s) to be sent by email from the email address amber.taylor@fmglaw.com to the persons at the email addresses listed in the Service List. I did not receive within a reasonable time after the transmission any electronic message or any other indication that the transmission was unsuccessful.

\_X\_ **BY ELECTRONIC SERVICE** I electronically served the attached documents(s) on each party or other person that is required to be served and accept service of documents electronically pursuant to Code of Civil Procedure section 1010.6(4).

Executed on July 22, 2022, at Los Angeles, California.

\_X\_ (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Amber Taylor_

NOTICE TO ADVERSE PARTIES AND THE SUPERIOR COURT OF REMOVAL OF ACTION

1

## SERVICE LIST

2

*Hovanian v. Costco, et al.*
*Case No.: 22STCV19471*

3

4

| Jack Sogoyan, Esq. | *Attorneys for Plaintiff, Sonia Hovanian* |
|---|---|
| Arthur Khachatarian, Esq. **Zwirn, Gevorkyan and Sogoyan, LLP** 3504 Magnolia Blvd. Burbank, CA 91505 (818) 928-5000/Phone (818) 928-2404/Fax js@zgslaw.com ak@zgslaw.com | |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO ADVERSE PARTIES AND THE SUPERIOR COURT OF REMOVAL OF ACTION

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within action; my business address is 550 S. Hope St., Suite 2200, Los Angeles, California 90071.

On July 22, 2022, I served the foregoing document described as

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**

on the interested parties in this action:

PLEASE SEE ATTACHED PROOF OF SERVICE LIST

__     **BY MAIL**.  I caused such envelopes with postage thereon fully prepaid to be placed in the United States mail in the County of Los Angeles.

__     **BY PERSONAL SERVICE**.  I caused such envelopes to be delivered by hand to the offices of the addressee.

__     **BY FACSIMILE**.  I caused such documents to be sent to the address above via the facsimile number indicated.

__     **BY OVERNIGHT MAIL:** By **UPS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, the document listed above was placed in a sealed envelope addressed to the parties set forth on the attached Service List, and delivered to an authorized courier or driver authorized by the express service carrier, with delivery fees fully prepaid or provided for.

__     **BY EMAIL** I caused a copy of the document(s) to be sent by email from the email address amber.taylor@fmglaw.com to the persons at the email addresses listed in the Service List. I did not receive within a reasonable time after the transmission any electronic message or any other indication that the transmission was unsuccessful.

_X_     **BY ELECTRONIC SERVICE** I electronically served the attached documents(s) on each party or other person that is required to be served and accept service of documents electronically pursuant to Code of Civil Procedure section 1010.6(4).

Executed on July 22, 2022, at Los Angeles, California.

_X_     (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
*Amber Taylor*

1

## <u>SERVICE LIST</u>

2

<u>*Hovanian v. Costco, et al.*</u>
<u>*Case No.: 22STCV19471*</u>

3

4

| Jack Sogoyan, Esq. | *Attorneys for Plaintiff, Sonia Hovanian* |
|---|---|
| Arthur Khachatarian, Esq. | |

5

**Zwirn, Gevorkyan and Sogoyan, LLP**
3504 Magnolia Blvd.

6

Burbank, CA 91505
(818) 928-5000/Phone

7

(818) 928-2404/Fax
js@zgslaw.com

8

ak@zgslaw.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6