1  BRIAN W. SKALSKY, SBN 277883
      Brian.Skalsky@fmglaw.com
2  ALEXANDRA B. ASCIONE, SBN 316499
      Alex.Ascione@fmglaw.com
3  **FREEMAN MATHIS & GARY, LLP**
   3030 Old Ranch Pkwy, Suite 200
4  Seal Beach, CA 90740-2752
   Telephone:    562.281.4517
5  Facsimile:    833.317.0293

6  Attorneys for Defendant
   COSTCO WHOLESALE CORPORATION
7

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **FOR THE COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE**

10

11 | SONIA HOVANIAN, | ) CASE NO.:  22STCV19471 |
   |                 | ) Assigned to Hon. William A. Crowfoot, Dept. 27 |
12 |                 | ) [Complaint Filed on June 14, 2022] |
   | Plaintiff,      | ) **Trial Date: December 12, 2023** |
13 |                 | ) |
   | vs.             | ) **ANSWER OF DEFENDANT COSTCO** |
14 |                 | ) **WHOLESALE CORPORATION TO** |
   | COSTCO WHOLESALE CORPORATION, | ) **PLAINTIFF'S COMPLAINT** |
15 | and DOES 1 to 50, | ) |
   |                 | ) |
16 | Defendants.     | ) |
   |                 | ) |
17

18

19     **COMES NOW**, Defendant, COSTCO WHOLESALE CORPORATION ("Defendant"),

20 for itself and no others and hereby answers the Complaint of Plaintiff, SONIA HOVANIAN

21 ("Plaintiff") as follows:

22     Under *Code of Civil Procedure* § 431.30, Defendant denies generally and specifically each

23 and every allegation of each cause of action contained in the Complaint on file herein, and further

24 denies that Plaintiff has been damaged in the sum or sums alleged or in any other sum or sums, or at

25 all.

26 ///

27 ///

28 ///

---
1
ANSWER OF DEFENDANT COSTCO WHOLESALE CORPORATION TO PLAINTIFF'S COMPLAINT

## AFFIRMATIVE DEFENSES

Defendant pleads the following separate affirmative defenses to the Complaint and to the purported causes of action set forth therein. Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

2. Defendant alleges that the purported causes of action asserted in the Complaint are barred by such statutes of limitation as may be applicable, including, but not limited to, California Code of Civil Procedure Sections 335, 335.1, 336, 337, 338, 339, 340, 340.5, 340.9, 343, 344 and 474.

### THIRD AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

3. Defendant alleges that Plaintiff's claims, if any, are barred for their failure, and/or the failure of the persons and/or entities acting on their behalf, to mitigate any purported damages.

### FOURTH AFFIRMATIVE DEFENSE

**(Comparative Fault)**

4. Defendant alleges that Plaintiff' damages, if any, were caused by the primary negligence and/or acquiescence in the acts and omissions alleged in the Complaint by Plaintiff, and Plaintiff's agents, employees, representatives, relatives, heirs, assigns, attorneys, and/or any others acting on Plaintiff's behalf. By reason thereof, Plaintiff is not entitled to damages or any other relief whatsoever as against Defendant.

///

///

///

**FIFTH AFFIRMATIVE DEFENSE**

**(Comparative Fault of Others)**

5. Defendant is informed and believes, and based upon such information and belief alleges that parties, both served and unserved, named and unnamed, and the Plaintiff is in some manner a certain percentage responsible for the Plaintiff's non-economic damages, if any, and this answering Defendant requires an order from the trier of fact setting forth separate judgments, against each and every party, named and unnamed, served and unserved, and the Plaintiff, for the amount of all non-economic damages that may be recovered by the Plaintiff in direct proportion to the percentage of fault of each party, named and unnamed, served and unserved, and the Plaintiff, pursuant to California Civil Code § 1431.2.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

6. Defendant alleges that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Justification/Excuse)**

7. Defendant alleges that by virtue of the acts of Plaintiff, and/or the persons and/or entities acting on her behalf, Plaintiff is barred from prosecuting the purported causes of action set forth in the Complaint because the acts and/or omissions alleged in the Complaint were justified and/or excused.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Laches)**

8. Defendant alleges that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

**(Offset)**

9. Defendant alleges that by virtue of the acts of Plaintiff and/or the persons and/or the entities acting on Plaintiff's behalf, Defendant has been damaged in an amount equal to or greater

than the amount of damages, if any, to which Plaintiff might be entitled. As a result, Defendant is entitled to an offset against any sums found owing to Defendant from Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

**(Waiver)**

10. Defendant alleges that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

**(No Duty of Care)**

11. Defendant is informed and believes, and thereon alleges, that it did not owe Plaintiff a legal duty of care.

### TWELFTH AFFIRMATIVE DEFENSE

**(No Breach of Duty of Care)**

12. Defendant is informed and believes, and without admitting that a duty of care was owed, thereon alleges, that it did not breach any duty of care owed to Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(No Causation)**

13. This answering Defendant's conduct was not the cause in fact or the proximate cause of any injury, loss, or damage alleged by Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Failure to Use Due Care)**

14. Plaintiff negligently and carelessly maintained, controlled and cared for her own person, negligently failed to exercise the slightest degree of care, caution or prudence in maintaining her own person and that these acts or omissions were a substantial factor in the cause of Plaintiff's injuries.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Open and Obvious)**

15. If any defect existed as alleged in the operative pleading, said defect(s) was open and obvious to individuals exercising reasonable care, including Plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Intervening/Superseding Cause)**

16. Defendant is informed and believes, and thereon alleges, that the damages alleged were caused in whole or in part by the intervention of separate causes originating in persons or entities for which this answering Defendant is not responsible.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Notice)**

17. Defendant is informed and believes, and thereon alleges, that it had no notice, constructive or actual, of any allegedly hazardous condition that existed at the time of the underlying incident, and even if such notice existed, this Defendant had no reasonable opportunity to remedy the allegedly hazardous condition.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Reasonable Precautionary Measures)**

18. Defendant is informed and believes, and thereon alleges, that at the time of the incident and all times herein, it took reasonable precautionary measures to protect against the risk of injury or damage allegedly created by the condition of the property referred to in Plaintiff's Complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Assumption of the Risk)**

19. Defendant is informed and believes, and thereon alleges, that the injuries, loss and/or damages, if any, of Plaintiff were and are the result of an open, obvious and apparent danger, which was known to and recognized by the Plaintiff who, nevertheless, knowingly, willingly, intentionally, voluntarily and/or negligently exposed herself to said danger and assumed the risk of the accident, injury and damage.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

20. Defendant is informed and believes, and thereon alleges, that Plaintiff's claims are barred by the doctrine of unclean hands.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Right to Amend Answer)

22. As a separate and first affirmative defense to the Complaint and each purported cause of action contained therein, Defendant intends to rely upon such other defenses as may become legally available hereafter or become apparent during discovery proceedings in this case, and hereby reserves his right to amend his Answer to assert any such defenses.

**WHEREFORE,** Defendant prays for relief as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiff take nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Defendant;

3. That Defendant be awarded attorneys' fees and costs incurred in defending this action; and

4. That Defendant be granted such other and further relief as the Court may deem just and proper.

DATED: July 22, 2022                FREEMAN MATHIS & GARY, LLP

By: _____
BRIAN SKALSKY, ESQ.
ALEXANDRA ASCIONE, ESQ.
Attorneys for Defendants,
COSTCO WHOLESALE CORPORATION

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action; my business address is 550 S. Hope St., Suite 2200, Los Angeles, California 90071.

On July 22, 2022, I served the foregoing document described as

**ANSWER OF DEFENDANT COSTCO WHOLESALE CORPORATION TO PLAINTIFF'S COMPLAINT**

on the interested parties in this action:

PLEASE SEE ATTACHED PROOF OF SERVICE LIST

___ **BY MAIL**. I caused such envelopes with postage thereon fully prepaid to be placed in the United States mail in the County of Los Angeles.

___ **BY PERSONAL SERVICE**. I caused such envelopes to be delivered by hand to the offices of the addressee.

___ **BY FACSIMILE**. I caused such documents to be sent to the address above via the facsimile number indicated.

___ **BY OVERNIGHT MAIL:** By **UPS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, the document listed above was placed in a sealed envelope addressed to the parties set forth on the attached Service List, and delivered to an authorized courier or driver authorized by the express service carrier, with delivery fees fully prepaid or provided for.

___ **BY EMAIL** I caused a copy of the document(s) to be sent by email from the email address amber.taylor@fmglaw.com to the persons at the email addresses listed in the Service List. I did not receive within a reasonable time after the transmission any electronic message or any other indication that the transmission was unsuccessful.

_X_ **BY ELECTRONIC SERVICE** I electronically served the attached documents(s) on each party or other person that is required to be served and accept service of documents electronically pursuant to Code of Civil Procedure section 1010.6(4).

Executed on July 22, 2022, at Los Angeles, California.

_X_ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Amber Taylor*

---

7
ANSWER OF DEFENDANT COSTCO WHOLESALE CORPORATION TO PLAINTIFF'S COMPLAINT

# SERVICE LIST

*Hovanian v. Costco, et al.*
*Case No.: 22STCV19471*

| Jack Sogoyan, Esq.<br>Arthur Khachatarian, Esq.<br>**Zwirn, Gevorkyan and Sogoyan, LLP**<br>3504 Magnolia Blvd.<br>Burbank, CA 91505<br>(818) 928-5000/Phone<br>(818) 928-2404/Fax<br>js@zgslaw.com<br>ak@zgslaw.com | *Attorneys for Plaintiff, Sonia Hovanian* |
|---|---|